UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

         Plaintiff,

   v.

DUSTIN E. BOLE,

         Defendant.

NO. CR. S-11-505 LKK

O R D E R

Pending before the court is a criminal appeal of Defendant's misdemeanor conviction, following a jury trial, of a single count of theft, 18 U.S.C. § 641. Defendant argues that the court below committed plain error by omitting from its jury instructions an essential element of the theft offense, namely that the defendant had to "willfully" and knowingly steal.

For the reasons provided below, the court denies Defendant's appeal.[1]

---

[1] As will appear in the opinion, some tension exists between the relevant Supreme Court and Ninth Circuit opinions. Of course, this court is bound not only by the Supreme Court's opinion, but also by the Ninth Circuit's opinion interpreting the Supreme Court's opinion.

1

## I. BACKGROUND

In December 2011, the government filed an information charging Defendant Bole with a single count of theft of government property, in violation of 18 U.S.C. Section 641, a misdemeanor. Information, ECF No. 1, at 1-2. The information alleged that Defendant "did willfully and knowingly steal, purloin, and convert . . . property of the United States and a department and agency thereof, namely, Social Security Title II children auxiliary benefits to which he knew he was not entitled." Id.

In its trial brief, the government specified that it intended to prove the violation of 18 U.S.C. Section 641 by proving the following elements: "(1) The defendant knowingly stole money with the intention of depriving the owner of the use or benefit of the money;" and "(2) The money belonged to the United States." Gov't Trial Br., ECF No. 13, at 3-4.

In March 2012, the government filed a superseding information, shortening the time period in which Defendant was alleged to have stolen Social Security benefits. Superseding Information, ECF No. 44.

At trial, the government presented evidence that in October 2007, Bole applied for Children Auxiliary benefits on behalf of his two children. Gov't's Suppl. Excerpts of Record ("S.E.R."), ECF No. 91. Att.1, at 43-48. Bole also applied for, and became, the representative payee for his children. Id. at 50. Bole falsely reported that his two children lived with him; he was never convicted of a felony; and he was never imprisoned for more than

a year. Id. at 55-57. Defendant further claimed that he had spent the money he received as representative payee for the benefit of his children. Id. at 77. However, Bole's children did not receive any of their benefits, and Defendant Bole did not pay any child support payments, during the period charged in the superseding information. Id. at 9, 18.

Defense counsel's theory of the case was essentially based on an argument that "the evidence showed Bole had the intent of getting additional money he believe[d] his children were entitled to receive and then get that money to the children, albeit indirectly, by increasing his ability to pay his child support obligations." See Def's App., ECF No. 88, at 8; Tr., ECF No. 75, Att. 1, at 16 (Defense Closing Argument) ("[T]he question that you have to answer today when you go deliberate . . . is not whether it was illegal or whether Mr. Bole was in fact entitled to these benefits under the law, but it is whether he thought that he was providing for his kids, whether he thought his kids were entitled to it, and whether he thought he would be a good vehicle for these benefits to go to them.").

The jury was given the following instruction as to the charged offense:

> The defendant is charged in Count One of the information with theft of government money in violation of Section 641 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following evidence--elements beyond a reasonable doubt:

3

> First, the defendant knowingly stole money with the intention of depriving the owner of the use or benefit of the money; second, the money belonged to the United States or any department or agency thereof.
>
> An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake or accident. You may consider evidence of the defendant's words, acts or omissions along with all of the other evidence in deciding whether the defendant acted knowingly.

Tr., ECF No. 75, Att. 1, at 10. This jury instruction is consistent with the Ninth Circuit Criminal Model Jury Instruction 8.39, for charges brought pursuant to 18 U.S.C. Section 641.

Like the government, neither the defense, nor the trial judge suggested giving the jury an instruction defining the meaning of the term "willfully" or "to steal." See Gov't Proposed Jury Instructions, ECF No. 14, at 21; Def's Proposed Jury Instructions, ECF No. 23, at 2; Tr., ECF No. 75, Att. 3, at 2-5. Defense counsel did, however, unsuccessfully argue that, because "criminal intent is an essential element of this crime," the court should deviate from the model jury instruction and break out the first element of the offense into two sub-elements. See Tr., ECF No. 75, Att.3, at 2-5. That is, defense counsel sought the following jury instruction:

> In order for Mr. Bole to be found guilty of [Title 18, United States Code Section 641], the government must prove each of the following elements beyond a reasonable doubt:
>
> First: Mr. Bole knowingly stole money[;]

4

        Second: Mr. Bole had the intention of depriving the owner of the use or benefit of the money;

        Third: The money belonged to the United States.

Def's Proposed Jury Instructions, ECF No. 23, at 2.

    Following the three-day jury trial, held in March 2012 before Magistrate Judge Kendall J. Newman, the jury found Defendant guilty of the charged offense. See Minutes, ECF Nos. 48, 50, 55. Defendant was sentenced to eight months of imprisonment, twelve months of supervised release, and restitution in the amount of $17,212.00. Judgment, ECF No. 67.

    On July 19, 2012, Defendant filed his notice of appeal. Appeal, ECF No. 68.

**A. Defendant's Motion for Release Pending Appeal**

    On August 22, 2012, Defendant filed a motion for release pending appeal. Def's Mot., ECF No. 75. Defendant argued that, given the Supreme Court's holding in Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952), the jury instructions improperly "failed to include any willful or wrongful intent element and gave no definition for the legal term 'to steal,' which might have adequately covered the willfulness element." Id. at 2.

    The magistrate judge denied Defendant's motion, finding, inter alia, that "[u]nder Morissette, as long as an instruction conveys the concept that the defendant must have known he was doing something wrongful, Morissette's mens rea component is satisfied," and that, given the Ninth Circuit's intervening analyses of jury

5

instructions provided for 18 U.S.C. Section 641, "[t]he instructions given in the instant case sufficiently conveyed the requisite mens rea element."  Order, ECF No. 83.

**B. Defendant's Appeal**

Here, Defendant argues that the jury instructions for a violation of 18 U.S.C. Section 641 were deficient because, pursuant to the holding in Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952), the jury instructions given should have required the jury to determined whether Bole had acted "willfully," and "willfully" should have been defined.  In the alternative, Defendant argues that the jury should have been given a definition of "to steal," which would have filled in the missing willfulness mens rea element required to prove the theft offense charged.  See Def's App. Br., ECF No. 88, at 12.

## II. STANDARD OF REVIEW

Where, as here, no objection was made to the omission of an essential element of an offense in the charge to the jury, the court reviews Defendant's appeal under a "plain error" standard. United States v. Del Toro-Barboza, 673 F.3d 1136, 1146 (9th Cir. 2012) (citing United States v. Lindsey, 634 F.2d 541, 554-55 (9th Cir. 2011)).  Plain error review involves four prongs: (1) there must be an error; (2) "the legal error must be clear or obvious, rather than subject to reasonable dispute"; (3) the error "must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings"; and (4) if the first

three prongs are satisfied, the court has the discretion to remedy the error only if it "seriously affects the fairness, integrity or public reputation of the judicial proceedings." United States v. Chi Mak, 683 F.3d 1126, 1133 (9th Cir. 2012) (citing Puckett v. United States, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009)).[2]

### III. ANALYSIS

In Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952), the Supreme Court found that, in analyzing whether a defendant had the criminal intent to steal or knowingly convert government property for purposes of Section 641, the isolated question, "Did [the defendant] intend to take the property?" (or rather, whether the removal of the subject property was a conscious and intentional act) was, by itself, insufficient to establish the mens rea required under 18 U.S.C. Section 641. Id. at 256-57.  Instead, the Supreme Court identified the requisite mens rea for Section 641 as the intent to "wrongfully . . . deprive another of possession of property." Id. at 257.

In United States v. Campbell, 42 F.3d 1199 (1994), *cert.*

---

[2] In United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), the Supreme Court sought to elucidate the "plain error" standard by providing: "'Plain' is synonymous with 'clear' or, equivalently, 'obvious.' . . . We need not consider the special case where the error was unclear at the time of trial but becomes clear on appeal because the applicable law has been clarified.  At a minimum, court of appeals cannot correct an error pursuant to [Federal Rules of Criminal Procedure] Rule 52(b) unless the error is clear under current law." In sum, it appears that even if the two lawyers and the judge failed to recognize an error, it is nevertheless plain, if someone noticed an error, and upon notice, it is uncontestedly an error under the then existing law.

*denied by* 514 U.S. 1091, 115 S.Ct. 1814, 131 L.Ed.2d 738 (1995), the defendant-appellant objected to the jury instruction provided in his case on the elements of 18 U.S.C. Section 641. In Campbell, the district court had read the Ninth Circuit Model Criminal Jury Instruction 8.10A, which provided, inter alia, that:

> The government must prove each of the following elements beyond a reasonable doubt; First, the defendants *stole property of value with the intention of depriving the owner* of the use or benefit of the property; and Second, the property belonged to the United States.

Id. at 1204 (emphasis added). In response to the defendant-appellant's argument that this jury instruction lacked a requirement of criminal intent, the Ninth Circuit provided that "[i]n the absence of objection, it was not plain error for the district court to use th[is] instruction[]." Id. at 1205.

In United States v. Derington, 229 F.3d 1243 (9th Cir. 2000), the Ninth Circuit discussed a jury instruction for 18 U.S.C. § 641, which required that the jury find, inter alia, that "the defendant stole property of value with the intention of depriving the owner of the use or benefit of the property." Id. at 1248. The Ninth Circuit found this instruction "sufficient to put at issue whether or not [the defendant] had mens rea." Id. The Ninth Circuit emphasized that it had considered the holding of Morissette in its analysis, and interpreted Morissette as holding that the required mens rea for a violation of Section 641 is "that the violator knows that he is doing something unlawful." Id. at 1249.

////

Under the holdings in Morissette as interpreted by Derington, a proper instruction as to mens rea for Section 641 would require the jury to consider whether Defendant intended to "wrongfully . . . deprive another of possession of property," or rather, whether Defendant "kn[ew] that he [wa]s doing something unlawful." The instruction provided at trial required that the jury consider whether Defendant "knowingly stole money with the intention of depriving the owner of the use or benefit of the money." The fact that the provided jury instruction required both that Defendant "knowingly stole" and that Defendant had the "intent[] to deprive" is sufficient to satisfy the mens rea requirement for Section 641 as provided in Derington. That is, a jury's finding that Defendant "knowingly stole" with the "intent to deprive" is sufficient to indicate that Defendant "kn[ew] that he [wa]s doing something unlawful." This finding is somewhat bolstered by the Ninth Circuit's holding in Campbell, in which the Circuit found that a jury instruction on Section 641, similar to the jury instruction provided in this case (i.e., requiring that the defendant "stole property . . . with the intention of depriving") was not plainly erroneous as to its mens rea provision.

Defense counsel's argument addresses an ambiguity inherent in the holdings of Morissette and Derington. Morissette requires an intent to "wrongfully . . . deprive another of possession of property," whereas Derington requires only that a defendant "kn[ew] that he [wa]s doing something unlawful." While the evidence presented at trial indicates that Defendant Bole likely "kn[ew]

9

1  that he [wa]s doing something unlawful" when he made false
2  assertions in order to receive Children's Auxiliary benefits, the
3  defense's case seems to have hinged on the perceived
4  "wrongful[ness]," or moral blameworthiness, of Defendant's actions.
5  However, even though a tension exists between Derington's
6  interpretation of Morissette, and the actual holding of Morissette,
7  this court is bound by the Ninth Circuit's interpretation.  Thus,
8  the intent required under Section 641 is that Defendant "kn[ew]
9  that he [wa]s doing something unlawful," and not, necessarily,
10 "wrongful," in a moral sense.
11     Given the Ninth Circuit's holdings in Campbell and Derington,
12 the court is unable to find that the Ninth Circuit's model jury
13 instruction given at trial constituted "plain error."
14 Specifically, the court is unable to find that any error made in
15 giving the model jury instruction was "clear or obvious, rather
16 than subject to reasonable dispute."  See United States v. Chi Mak,
17 683 F.3d 1126, 1133 (9th Cir. 2012).
18     Thus, Defendant's appeal is denied.

### IV. CONCLUSION

20  For the reasons provided above, Defendant's appeal is
21 DENIED.
22     IT IS SO ORDERED.
23     DATED: November 7, 2012.

                                        LAWRENCE K. KARLTON
                                        SENIOR JUDGE
                                        UNITED STATES DISTRICT COURT

10